RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Ha Tran | Civil Action 04-2202 |
| versus | Judge Tucker L. Melançon |
| Alberto R. Gonzales, et al | Magistrate Judge C. Michael Hill |

## JUDGMENT

Before the Court is the Report and Recommendation of United States Magistrate Judge C. Michael Hill related to Ha Tran's petition for *habeas corpus* [Rec. Doc. 1], recommending that Tran's petition for *habeas corpus* relief be granted and Tran be released from federal detention under an order of supervision on conditions that the government believes are appropriate under the circumstances [Rec. Doc. 18]. The government filed objections to the Report and Recommendation and Tran filed a reply thereto. [Rec. Doc. 22; 25].

The government asserts that the Magistrate Judge's recommendation provides for the immediate release of a dangerous alien into the United States[1], and because the law entitles the United States to continue the detention of such an individual, the recommendation should be rejected by the Court. In particular, the government contends that the Magistrate Judge's Report and Recommendation invalidates 8 C.F.R. §§1241.14, a federal regulation promulgated to define the "special circumstances" warranting continued detention, and is inconsistent with *Zadvydas v. Davis*, 533 U.S.

---

1 The Report and Recommendation provides that Ha Tran, a native and citizen of Vietnam, entered the United States as a refugee on August 12, 1975 and on September 20, 1978 became a lawful permanent resident. On October 24, 1984, Tran was convicted of assault and possession of firearms and as a result was confined for two years for mental health treatment. Upon his release, Tran killed his wife and was convicted of manslaughter for which he was sentenced to serve 18-20 years. As a result of his conviction, on February 2, 1998, Tran was ordered removed to either France or Vietnam.

678 (2001) and *Clark v. Martinez*, 125 S.Ct. 716 (2005), and therefore, the Court should enter an order denying Tran's release from custody of the United States Immigration and Customs Enforcement.

In his recommendation, the Magistrate Judge cited 8 U.S.C. §1231(a)(6) as authorizing that "[a]n alien ordered removed who is inadmissible ..., removable...or who has been determined by the [Secretary] to be a risk to the community may be detained beyond the 90-day removal period." Thus, the Magistrate Judge correctly concluded that the issue before the Court is whether §1231(a)(6) allows the continued and potentially indefinite detention of an alien based on a determination by the government that the alien's mental illness makes him "a risk to the community." The Magistrate Judge determined that the statute does not allow such detention. In making his recommendation, the Magistrate Judge considered the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and the recent Supreme Court decision in *Clark v. Martinez*, 125 S.Ct. 716 (2005).

The government objects to the Magistrate Judge's consideration of *Zadvydas* and *Clark* in that neither case concerned continued detention of the third category of aliens, "one who is a risk to the community," which the government contends applies in this matter. While recognizing that *Zadvydas* involved a "removable" alien and *Clark* involved an "inadmissible" alien, the Magistrate Judge concluded that the Supreme Court in *Clark* "unequivocally held that 'the operative language of §1231(a)(6), 'may be detained beyond the removal period,' applies without differentiation to *all three* categories of aliens that are its subject.' *Clark*, 125 S.Ct. at 722-723 (emphasis added)." *R. 18, p.8.* In drawing this conclusion, the Magistrate

Judge stated that the Supreme Court further noted in *Clark* that "it is not a plausible construction of §1231(a)(6) to imply a time limit as to one class but not to another. The text does not admit of this possibility." *Id.* at 723. In light of the Supreme Court's directives in *Clark*, the Magistrate Judge correctly reasoned that, "under the clear language and reasoning of *Clark*, the statute and the presumptively reasonable six month period set forth in *Zadvydas* must apply equally and uniformly to all three categories of aliens covered under the statue." *R. 18, p.9.*

Based on the Magistrate Judge Hill's thorough analysis as set out in his well reasoned and well written Report and Recommendation, and after an independent review of the record, including the fact that the immigration judge ruled in Tran's favor after psychological evaluations and a merits hearing pursuant to 8 C.F.R. §241.14(i), after specifically considering the written objections filed by the United States, and concurring with the Magistrate Judge's findings under the *applicable law*, which the Magistrate Judge *properly* ascertained with little assistance from the United States,

IT IS ORDERED that Ha Tran's petition for writ of *habeas corpus* is GRANTED. Accordingly, Tran shall be released from federal detention under an order of supervision on conditions that the government believes are appropriate under the circumstances.

THUS DONE AND SIGNED, in Lafayette, Louisiana, on this 22nd day of January, 2006.

Tucker L. Melançon
United States District Judge

COPY SENT
DATE 1/24/06
BY PD
TO TLM
usm (cc)